

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

July 23, 1965

Honorable D. C. Greer  
State Highway Engineer  
State Highway Department  
Austin, Texas

Opinion No. C-469

Re: May the State Highway Com-
mission, under authority of
Article 6673a, V.C.S., sell
surplus land and improve-
ments to the County of Mave-
rick for the established
value without advertising
and without requesting sealed
bids from the general public,
when the intended use to be
made of the property by the
County of Maverick is for
another public use viz,
county roads warehouse?

Dear Mr. Greer:

This is in regard to your letter requesting an opinion from
this office as to whether the Highway Commission may, under
Article 6673a, V.C.S., legally sell surplus land and improve-
ments to the County of Maverick for an established value
without advertisement and without requesting sealed bids from
the general public, when the intended use to which the land
and improvements is going to be put is for a county roads
warehouse.

This office has previously rendered an Opinion No. C-434,
dated May 6, 1965, which is squarely in point and applicable
to the present inquiry.

This question was considered in opinions rendered in El
Paso County v. The City of El Paso, 357 S.W.2d 783 (Tex.Civ.
App. 1962), and Kingsville Independent School District v.
Crenshaw, 164 S.W.2d 49 (Tex.Civ.App. 1942, error ref. w.m.).
Both of these cases concerned a park area intended to be
converted to school purposes.

In both decisions the court was interpreting Article 1577 V.C.S., and in both cases it was recognized that there existed a right of eminent domain on the part of the political subdivisions of the government purchasing the land. In upholding and ratifying the action of the county to sell lands for another public purpose the court held in the El Paso case, supra:

> "We think the statutes hereinabove referred to do apply wherever a political subdivision, subject to such statutes, desires to dispose of any of its public land to an individual or private agency, but not where such political subdivision with the power of eminent domain and condemnation chooses to deal with its opposite number and reach an agreement as to the change of public use, rather than to resort to the expensive and tedious medium of litigating the entire matter through the courts, thereby holding up the public benefit and depleting to some extent the tax funds of the subdivisions involved."

The court in effect held that: Although statute requiring appointment of commissioner to sell county land at public auction and statute relating to abandonment of county parks are applicable wherever a political subdivision, subject to such statutes, desires to dispose of any of its land to an individual or private agency, neither statute is applicable where political subdivision with power of eminent domain and condemnation chooses to deal with another political subdivision having such power and reach an agreement as to change of public use.

The Kingsville case, supra, upheld the right of this disposition of the public lands for the public interest without bids. The court held in effect: A city park devoted to public use could be taken for another public use and converted into public school ground, where city and school authorities determined that its use for school purposes was necessary and that it was not practical or possible to use any other property.

Although Article 1577, V.C.S. is concerned with the selling by the county of surplus lands, it is not any different from Article 6673a, V.C.S. which deals with conveyances by the Highway Commission of their surplus lands. Interpretations by the courts regarding Article 1577, V.C.S. are logically applicable to Article 6673a, V.C.S., as both articles deal with disposition of surplus lands by the State or a political subdivision thereof.

Honorable D. C. Greer, page 3 (C-469 )

## S U M M A R Y

In upholding Attorney General Opinion C-434 it is reiterated that the State Highway Commission under authority of Article 6673a, V.C.S. can legally sell the surplus land and improvements to Maverick County for the established value of the land and improvements without advertising and without accepting sealed bids from the general public when the proposed use to which the land is going to be put is for a county roads warehouse.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By David Longoria
DAVID LONGORIA
Assistant Attorney General

DL:gm

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
John Reeves
Milton Richardson

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright

-2232-